IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-2-D
No. 5:16-CV-218-D

| | |
|---|---|
| CLIFTON TERELLE MCNEILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 2, 2016, Clifton Terelle McNeill ("McNeill") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 300-month sentence [D.E. 58]. On July 13, 2016, the government moved to dismiss McNeill's motion [D.E. 67] and filed a supporting memorandum [D.E. 68]. On August 23, 2016, McNeill responded in opposition [D.E. 72]. As explained below, the court grants the government's motion to dismiss.

On August 18, 2008, pursuant to a plea agreement [D.E. 26], McNeill pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one) and possession with intent to distribute approximately 3.1 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count two). See [D.E. 1, 26]; Presentence Investigation Report ("PSR") ¶¶ 1–5. Before sentencing, the United States Probation Office prepared a PSR. The PSR included McNeill's criminal history, including McNeill's numerous felony convictions involving either a crime of violence or a controlled substance offense. See PSR ¶¶ 8–11, 16–17, 20. The PSR stated that McNeill was a career offender and an armed career criminal. See id. ¶ 27. The PSR also stated that McNeill's advisory guideline range was 188 to 235 months' imprisonment based on a total offense level of 31 and a criminal history category VI. See id. ¶¶ 43–52, 55. McNeill objected to

the PSR and the advisory guideline range. See PSR Addendum; Transcript of Sentencing Proceedings ("Sentencing Tr.") [D.E. 44] 5–8.

On January 13, 2009, at McNeill's sentencing hearing, the court adopted the facts set forth in the PSR and overruled the objections. See Sentencing Tr. 8–9; Fed. R. Crim. P. 32(i)(3)(A). After upwardly departing under U.S.S.G. § 4A1.3 and considering the entire record, the arguments of counsel, and the section 3553(a) factors, this court sentenced McNeill to 300 months' imprisonment on count one and 240 months' imprisonment on count two to be served concurrently. See Sentencing Tr. 9–28.

McNeill appealed. On March 8, 2010, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. McNeill, 598 F.3d 161 (4th Cir. 2010). On June 6, 2011, the United States Supreme Court affirmed. See McNeill v. United States, 563 U.S. 816 (2011).

In McNeill's section 2255 motion, McNeill alleges that he is no longer an armed career criminal under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 58] 4–12. The government disagrees and has moved to dismiss McNeill's motion for failure to state a claim upon which relief can be granted. See [D.E. 67, 68].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Johnson does not help McNeill. McNeill continues to have numerous qualifying convictions for serious drug offenses under 18 U.S.C. § 924(e) even after Johnson. See, e.g. PSR ¶¶ 8–11, 16; McNeill, 563 U.S. at 821; United States v. Newbold, 791 F.3d 455, 464 (4th Cir. 2015). Thus, McNeill remains an armed career criminal.

After reviewing the claim presented in McNeill's motion, the court finds that reasonable jurists would not find the court's treatment of McNeill's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 67], DISMISSES McNeill's section 2255 motion [D.E. 58], and DENIES a certificate of appealability.

SO ORDERED. This 12 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge

3