IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-2-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CLIFTON TERELLE MCNEILL, | ) | |
| | ) | |
| Defendant. | ) | |

On March 30, 2021, Clifton Terelle McNeill ("McNeill" or "defendant") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 82] and filed documents in support [D.E. 82-1–82-7]. On April 27, 2021, the government responded in opposition [D.E. 86] and filed a document in support [D.E. 86-1]. As explained below, the court denies McNeill's motion for reduction of sentence.

I.

On August 18, 2008, with a written plea agreement, McNeill pleaded guilty to being a felon in possession of a firearm (count one) and possession with intent to distribute cocaine base (crack) (count two). See [D.E. 25, 26]. On January 13, 2009, the court held McNeill's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 38]; PSR; Sent. Tr. [D.E. 44] 5. The court overruled McNeill's objections and calculated McNeill's advisory guideline range as 188 to 235 months' imprisonment based on a total offense level 31 and criminal history category VI. See Sent. Tr. [D.E. 44] 8–9. The court then upwardly departed under U.S.S.G. § 4A1.3 and determined McNeill's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range on count one to be 262 to 327 months' imprisonment and on count two to be 240 months' imprisonment. See id. at 9–19. After thoroughly considering all

relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeill to 300 months on count one and 240 months on count two, to run concurrently. See [D.E. 38, 40]; Sent. Tr. [D.E. 44] 25–28. McNeill appealed. See [D.E. 36]. On March 8, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010), aff'd, 563 U.S. 816 (2011).

On May 2, 2016, McNeill moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [DE. 58]. On July 13, 2016, the government moved to dismiss McNeill's section 2255 motion. See [D.E. 67]. On August 23, 2016, McNeill responded in opposition to the government's motion. See [D.E. 72]. On April 12, 2017, the court granted the government's motion to dismiss, dismissed McNeill's section 2255 motion, and denied a certificate of appealability. See [D.E. 73]. McNeill did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by

2

section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Collington, 995 F.3d 347, 352–60 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Collington, 995 F.3d at 355–61; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995 F.3d 356–58

3

(district court must reduce sentence to comply with any new statutory maximum sentence).

McNeill engaged in serious criminal conduct in 2007. See PSR ¶¶ 5–6. McNeill's August 2008 conviction for possession with intent to distribute cocaine base (crack) (count two) is a covered offense under section 404(a) of the First Step Act because this conviction is an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). McNeill's August 2008 conviction for felon in possession of a firearm (count one), however, is not a covered offense under section 404(a) of the First Step Act. See First Step Act § 404(a), 132 Stat. at 5222. Thus, McNeill is eligible for sentence reduction only on count two.

McNeill's advisory guideline range is unchanged. See [D.E. 87]. The court has completely reviewed the entire record, McNeill's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 355–61; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for McNeill's offense conduct, McNeill engaged in serious criminal conduct in February 2007. See PSR ¶¶ 5–6. After observing McNeill's vehicle run a red light, a Fayetteville police officer attempted a traffic stop. See id. McNeill continued to drive for several miles then brought the vehicle to an abrupt stop at which point three male occupants, including McNeill, fled from the vehicle. See id. After a foot chase, the officer apprehended McNeill and discovered a .38-caliber revolver, 3.1 grams of cocaine base (crack) packaged for distribution, and $369 in United States currency. See id. McNeill was accountable for

4

possessing a firearm and 4.95 grams of cocaine base (crack). See id.

McNeill is a violent recidivist with convictions for sell/deliver cocaine (three counts), possession with the intent to manufacture/sell/deliver cocaine (four counts), larceny of a motor vehicle, simple assault (two counts), simple affray, assault with a deadly weapon-serious injury, common law robbery, possession of a stolen vehicle, possession of oxycodene, fictitious information to an officer (two counts), attempted robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon. See id. ¶¶ 8–23. McNeill also has performed poorly on probation. See id. ¶¶ 8–12. Although McNeill has taken some positive steps while incarcerated on his federal sentence, he has sustained infractions for refusing to obey an order, possessing a non-hazardous tool, possessing a dangerous weapon (three infractions), being in an unauthorized area (two infractions), possessing drugs/alcohol, being unsanitary or untidy, and being absent from assignment. See [D.E. 82-2, 82-5, 82-6, 86-1, 87]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of McNeill's serious criminal conduct, violent criminal record, poor performance on probation, serious misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate McNeill, the court declines to reduce McNeill's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, No. 20-7350, 2021 WL 1823289, at *3; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, McNeill's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline

5

range, it still would not reduce McNeill's sentence on count two in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES McNeill's motion for reduction of sentence [D.E. 82].

SO ORDERED. This 21 day of May 2021.

JAMES C. DEVER III
United States District Judge